IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3071-STA-tmp |
| | ) | |
| MEMPHIS LIGHT, GAS & WATER DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Before the Court is Plaintiff Willie Wright's ("Wright") Second Motion for Leave to File First Amended Complaint (D.E. # 17) filed on June 11, 2012. Defendant Memphis Light, Gas & Water Division ("MLGW") has responded in opposition to Plaintiff's Motion. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff seeks leave to amend his pleadings in an effort to clarify his claims of unlawful discrimination.[1] Plaintiff's original Complaint alleged causes of action for hostile work environment, disability discrimination in violation of the Tennessee Human Rights Act ("THRA"),

---

[1] Plaintiff initially filed a motion to amend on June 11, 2012. The Court denied that motion without prejudice for failure to comply with Local Rules of Court. Plaintiff had not attached a certificate of consultation and had not submitted a proposed order. Plaintiff re-filed the motion and corrected these deficiencies on the same day the Court denied the initial motion to amend.

1

negligent infliction of emotional distress ("NIED"), and intentional infliction of emotional distress ("IIED"). Plaintiff requests an opportunity to amend his pleadings to state claims for disability discrimination in violation of the American with Disabilities Act ("ADA") and the Tennessee Disability Act ("TDA") as well as age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Tennessee Human Rights Act ("THRA"). Plaintiff argues that the proposed amended complaint streamlines the issues by dropping his emotional distress claims and his hostile work environment claim. Plaintiff also contends that the proposed amended complaint cures any technical pleading deficiencies contained in the original Complaint. Furthermore, The claim Plaintiff seeks to add to his pleadings, his cause of action for age discrimination, was actually alleged in his EEOC charge of discrimination.

Plaintiff submits that good cause exists to grant him leave to file an amended complaint. While admitting that the deadline for amending the pleadings has passed, Plaintiff asserts that two considerations weigh in favor of excusing his late filing. Plaintiff claims that Defendant will not suffer any prejudice because the current discovery deadline of September 20, 2012, has not passed.[2] The parties have yet to exchange discovery requests or conduct depositions. Also, Plaintiff recently retained new counsel to represent him in this case. Under the circumstances, Plaintiff asserts that good cause exists to excuse his failure to meet the scheduling order's deadline for amending.

Defendant has responded in opposition to Plaintiff's Motion. Defendant argues that the deadline to amend pleadings passed on March 2, 2012, and that Plaintiff never moved the Court to modify the scheduling order. According to Defendant, Plaintiff has made only a conclusory assertion

---

[2] The Court notes that the parties filed a joint motion to modify the scheduling order (D.E. # 23) on August 13, 2012, which the Court granted. Under the modified schedule, discovery is now due by October 19, 2012.

about the existence of good cause but has failed to give a reason for his failure to comply with the scheduling order. Based on Plaintiff's lack of diligence, Defendant contends that Plaintiff cannot show "good cause" to modify the scheduling order as required by Rule 16(b)(4). Defendant goes on to argue that the filing of an amended pleading would result in undue delay and prejudice due to the fact that the deadline to amend passed three months ago. Defendant points out that it has already filed a motion for judgment on the pleadings (D.E. # 9), which was submitted on April 30, 2012, more than one month before Plaintiff sought leave to amend his pleadings. In the event that the Court grants Plaintiff's Motion to Amend, Defendant requests an award of its costs and attorney's fees related to the filing of its dispositive motion.

## **ANALYSIS**

Federal Rule of Civil Procedure 15 provides "that leave to amend shall be freely given when justice so requires."[3]

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should, as the rules require, be 'freely given.'[4]

However, pursuant to Rule 16(a), a scheduling order must limit the time to amend the pleadings.[5] As such, a party seeking leave to amend its pleadings after the scheduling order deadline for amending has passed must "first must show good cause under Rule 16(b) for failure to seek leave

---

[3] Fed. R. Civ. P. 15(a).

[4] *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[5] Fed. R. Civ. P. 16(a).

3

to amend before a court will consider whether the amendment is proper under Rule 15(a).'"[6] Rule 16(b)'s good cause standard requires a showing that the party could not meet the scheduling order deadline despite its diligence.[7] The Sixth Circuit has held that in addition to the explicit good cause requirement of Rule 16(b), the Court should also consider the potential prejudice to the non-moving party when deciding whether or not to amend a scheduling order.[8]

Applying these principles to the facts presented, the Court finds that Plaintiff has demonstrated good cause for granting him leave to amend his complaint even though the deadline for amending the pleadings has expired. The Court must emphasize that Rule 16(b)'s good cause standard is met in this case but only by the thinnest of margins. The scheduling order deadline to amend pleadings was March 2, 2012.[9] Defendant filed its Rule 12(c) motion on April 30, 2012. Plaintiff has not even attempted to explain why he was not able to meet the deadline for amendments or why he waited until Defendant had filed a dispositive motion before seeking an opportunity to amend.[10] Based on his failure to act before the deadline had expired, Plaintiff has not shown good cause for allowing an amendment outside of the scheduling order's original deadline. At the same

---

[6] *Leary*, 349 F.3d at 909 (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

[7] *Id.* at 907; Fed. R. Civ. P. 16, 1983 advisory committee notes.

[8] *Leary*, 349 F.3d at 907.

[9] *See* Scheduling Order (D.E. # 8).

[10] Rule 15(a)(1) permits a plaintiff to amend pleadings as matter of course within "21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff filed his original Complaint in state court on October 25, 2011, and Defendant filed an Answer on December 8, 2011. *See* Notice of Removal, exs. A & B (D.E. #1). The Court finds then that in addition to missing the scheduling order deadline for amending pleadings, Plaintiff also failed to take advantage of his right to amend his Complaint as a matter of course under Rule 15(a).

time, Plaintiff has retained a new attorney, though it is unclear whether Plaintiff has replaced his original attorney or has merely obtained additional counsel. Plaintiff's new attorney filed a notice of appearance on May 28, 2012 (D.E. # 10) and filed a consent motion for more time to respond to the motion for judgment on the pleadings only three days later (D.E. # 11), which the Court granted. Thereafter, Plaintiff filed his Motion to Amend as well as a response in opposition to the motion for judgment on the pleadings.[11] The Court finds that since adding new counsel, Plaintiff has acted diligently to amend his pleadings and respond to Defendant's Rule 12(c) motion. Therefore, the Court finds good cause to grant Plaintiff's Motion to Amend, despite his failure to meet the deadline for amending pleadings.

Second, the Court finds that granting leave to amend will not prejudice Defendant. Plaintiff has sought leave to amend well in advance of the September 20, 2012 discovery deadline, and the parties have not exchanged discovery requests or conducted depositions at this time.[12] Furthermore, Wright's proposed amended complaint eliminates some claims and adds a new claim.[13] Therefore, the Court finds that Defendant will not suffer prejudice should the Court permit Plaintiff to amend his pleadings.

Having found that Plaintiff acted with diligence once he retained new counsel and that giving him leave to amend his complaint will not prejudice Defendant, the Court finds that Plaintiff has

---

[11] *Cf. Leary*, 349 F.3d at 907 (holding that the plaintiff had not acted diligently where the plaintiff filed a motion to amend nine months after the court granted the defendant's motion for summary judgment and almost two years after discovery was completed).

[12] *Cf. id.* at 908-09 (finding that the defendant would suffer prejudice because allowing the plaintiff to amend would require the court to reopen discovery).

[13] *Cf. id.* at 908 (finding that the proposed amended complaint included entirely new and distinct claims and that granting leave to amend such claims would prejudice the defendant).

5

demonstrated good cause to file his proposed amended complaint. Therefore, Plaintiff's Motion to Amend is **GRANTED**. Plaintiff is directed to file his proposed amended complaint as a separate docket entry within three (3) days of the entry of this Order.

As for Defendant's Rule 12(c) motion, it is well-settled that an amended complaint supersedes the original complaint and renders the initial pleading a nullity.[14] Courts in this Circuit and others will deny Rule 12 motions as moot after a plaintiff subsequently files an amended complaint.[15] Defendants' motion for judgment on the pleadings is directed at Plaintiffs' original Complaint. Therefore, upon the filing of the proposed amended complaint, Defendants' motion for judgment on the pleadings will be **DENIED** as moot and without prejudice to present any and all issues raised in the Rule 12(c) motion in a subsequent dispositive motion.

Finally, in its response in opposition to Plaintiff's Motion to Amend, Defendant requests that the Court sanction Plaintiff pursuant to Rule 16(f)(1)(C) for his failure to meet the original scheduling order deadline for amending the pleadings. The Rule states that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney fails to obey a scheduling or other pretrial order."[16] Defendant seeks reasonable attorney's fees related to the drafting and filing of its Rule 12(c)

---

[14] *B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir. 2008).

[15] *E.g., Pinks v. Lowe's Home Ctrs., Inc.*, 83 F. App'x 90 (6th Cir. 2003); *Productive MD, LLC v. Aetna Health, Inc.*, No. 3:12-cv-00052, 2012 WL 1119654, at * 2 (M.D. Tenn. Apr. 3, 2012); *Dooley v. Byars*, No. 5:11-CV-153, 2012 WL 443470 (W.D. Ky. Feb. 10, 2012) *McCloy v. Correction Med. Servs.*, No. 07-13839, 2009 WL 190035, *2 (E.D. Mich. Jan. 27, 2009); *Williams v. Kelly*, No. 07-10999, 2007 WL 2951303, *1 (E.D. Mich. Oct. 10, 2007); *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). *See also Young v. City of Mount Ranier,* 238 F.3d 567, 573 (4th Cir. 2001); *Milton v. Chicago Park Dist.*, 151 F.3d 1053, *1 (7th Cir. 1998) (unpublished table decision).

[16] Fed. R. Civ. P. 16(f)(1)(C).

motion. If Defendant still intends to pursue sanctions for Plaintiff's failure to comply with the scheduling order, the Court instructs Defendant to file its request as a separate motion.[17]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 24, 2012.

---

[17] Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion. The motion must be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and state the relief sought.").